Samuel Baker
vs.　　　　 No. 84547.
Fred L. Cleveland et al Appt

June 9, 1931.

FROST, J. Heard on plaintiff's motion for a new trial after a verdict for defendants.

This is a suit brought by the plaintiff, who claims to be a holder in due course of eight promissory notes, each for the sum of one hundred dollars, all dated September 23, 1929, and maturing in successive months. The notes were signed by the defendant Woonsocket Auto Corporation, by its treasurer, F. B. Cleveland, endorsed by defendant F. L. Cleveland, and were payable to Robert Baker. They were afterward endorsed by Robert Baker to his brother, Samuel Baker, who is the plaintiff in this case.

The defendants pleaded the general issue and also pleaded specially that the notes were not endorsed and delivered to plaintiff by Robert Baker before maturity and that the plaintiff was not a holder in due course.

The defendants produced evidence tending to prove that the notes were endorsed to Samuel Baker without any consideration on his part therefor; that they were delivered to him after maturity; that they were so tainted with fraud in their making as to render them void in the hands of the payee, Robert Baker, and that this fraud and misrepresentation were known to Samuel Baker when they were received by him.

From the testimony it appeared that Dr. F. L. Cleveland and Robert Baker were the owners of the stock of the Woonsocket Auto Corporation: that Dr. Cleveland bought out Robert Baker, purchasing all of his stock and giving therefor a Buick roadster of the approximate value of $1,000 and fifteen promissory notes for $100 each (eight of which are the notes in suit); that later it was learned from an inspection of the books and from some papers in the office that Robert Baker, prior to the sale of his stock, had defrauded the corporation out of six hundred dollars, through a series of transactions in automobiles, and was, therefore, actually owing the corporation, at the time the notes were given, the sum of $600, if not twice that amount under the provisions of Section 16 of Chapter 333 (4864) of the General Laws of R. I. 1923.

The transactions mentioned were not denied by Robert Baker.

The plaintiff claimed to have given consideration for the notes and to have received them prior to their maturity. He also testified that he was entirely ignorant of the wrongdoing of his brother in connection with the Woonsocket Auto Corporation.

The issues raised by the defense were questions of fact upon which the evidence was conflicting.

In the opinion of the Court the verdict does substantial justice between the parties and plaintiff's motion is therefore denied.

For plaintiff: Samuel H. Workman.
For defendant: James H. Rickard.